**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YING CHEN,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   15-73593<br><br>Agency No. A208-082-160<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Ying Chen, a native and citizen of China, petitions for review from an order

of the Board of Immigration Appeals ("BIA") upholding the denial of her claims

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

for asylum, withholding of removal, and relief under the Convention Against Torture. Chen claims that she was persecuted by police in China on account of her Christianity. The Immigration Judge ("IJ") found Chen's testimony not credible. The BIA held that the IJ's adverse credibility determination was "amply supported by the record" and dismissed Chen's appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Chen alleges that she was arrested while passing out flyers with a Christian group in China. According to Chen, she was detained by police for three days, during which she was handcuffed and interrogated about her religious activities.

In upholding the IJ's adverse credibility determination, the BIA cited three of the IJ's findings.[1] Each of those findings is supported by substantial evidence.

1. The BIA cited an inconsistency between Chen's testimony about the name of her church and the name stated on a church certificate in the administrative record. When asked for the name of her church, Chen testified that the church's name was "Ziwouwo" and that the "literal translation of the church name is Nourishing Me." On cross-examination, the Government asked Chen why

---

[1] The Government argues that the entirety of the IJ's credibility determination is properly before us, *see Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008), and that we should therefore consider a fourth inconsistency in Chen's testimony about her passport that the IJ cited but that the Board did not specifically mention. We need not decide whether to consider the passport testimony, however, because the adverse credibility determination is adequately supported by the findings that the BIA did mention.

her church certificate said that the church's name was "Fuzhou City Mawei Kuaian Christian Church." Chen explained that she had misspoken and that Ziwouwo was the name of "the church activities," whereas the name on the certificate was correct. Given that Chen was explicitly asked to provide the name of her church and not its activities, a reasonable factfinder would not be compelled to conclude that the agency's assessment of her testimony was erroneous. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1187 (9th Cir. 2016). Moreover, because this inconsistency is central to Chen's account of her persecution, the agency was permitted to give it "great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010).

2. The BIA cited Chen's inconsistent testimony about whether police ever came looking for her after she was released from detention. Chen initially testified that she had "no idea" whether the police ever went to her house to look for her. Chen later testified, however, that her father had sent her a letter informing her that the police had come looking for her at his home "to continue with the investigation." Chen attempted to explain this inconsistency by stating that she had been asked *when* the police came, which she did not know. The agency deemed these explanations insufficient, and the record does not compel a contrary conclusion. *See Kin v. Holder*, 595 F.3d 1050, 1054-55 (9th Cir. 2010).

3. The BIA determined that the IJ did not commit clear error in finding aspects of Chen's story about her arrest to be implausible. Chen testified that she

3

helped the church group by holding flyers for ninety minutes before she was arrested. Despite the amount of time Chen said she spent doing this activity, she testified that she "did not look at the flyers in detail," and she could not answer questions about what they said. When asked if she knew what the church members were saying to people as they passed out the flyers, Chen said she did not hear. The IJ concluded that Chen's lack of knowledge about the flyers and the church members' statements defied common sense. It was proper for the Board to uphold this conclusion. *Cf. Lalayan v. Garland*, --- F.4th ---, 2021 WL 2933340, at *10 (9th Cir. 2021).

In the absence of credible testimony, Chen's asylum and withholding of removal applications fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).[2]

**PETITION DENIED.**

---

[2] Because Chen does not address her claim for relief under the Convention Against Torture in her opening brief, that issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).